# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALAN N. SCOTT,** | : | |
| Petitioner | : | CIVIL ACTION NO. 3:06-0425 |
| v. | : | (CAPUTO, D.J.) |
| | | (MANNION, M.J.) |
| **RONNIE HOLT, Warden,** | : | |
| **FCI-SCHUYLKILL,** | | |
| | : | |
| Respondent | | |
| | : | |

## **REPORT AND RECOMMENDATION**

On February 27, 2006, the petitioner, an inmate designated to the Federal Correctional Institution at Schuylkill, ("FCI-Schuylkill"), Minersville, Pennsylvania[1], filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. A show cause order was issued on March 13, 2006. A response to the petition was filed on April 5, 2006, along with supporting materials. The petitioner filed a traverse on June 26, 2006.

Upon review, the petitioner challenges two disciplinary actions taken against him at FCI-Schuylkill which resulted in the loss of good time credits against his federal sentence. Specifically, the petitioner alleges due process violations and insufficient evidence to support the actions. The petitioner is seeking the expungement of the incident reports and restoration of his good

---

[1] At the time the petitioner filed the instant action, he indicated that he was removed from FCI-Schuylkill on a writ and was being confined at the Nassau County Correctional Center at 100 Carman Avenue, East Meadow, New York.

1

time credits.

In preparing the instant report, the court learned that the petitioner was released from BOP custody on September 29, 2006, and remains free of BOP custody at the present time. Records indicate that his is currently serving an eight-year term of supervised release. By correspondence dated October 16, 2006, the petitioner informed the court of his change of address. In light of the petitioner's release from BOP custody, the court recommends that the instant petition be dismissed as moot.

A petition for writ of habeas corpus is the exclusive federal remedy for a prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973); Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002). Thus, a prisoner may use habeas corpus to challenge either the conviction giving rise to his custody or the term of his custody. In either instance, however, the petition must present a live case or controversy to allow adjudication.

It is well settled that federal courts have jurisdiction only over a live case or controversy, in which a plaintiff has suffered or may suffer an actual injury that is redressable by the court. U.S. CONST. art. III, §2, cl. 1; Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a personal stake in the

2

outcome of the lawsuit." Lewis, 494 U.S. at 477-78 (internal quotation omitted).  "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (internal quotation omitted).  This occurs when (1) the alleged violation has ended and may reasonably be expected not to recur and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Id.

When a prisoner has been released before or during the pendency of a habeas challenge solely to his term of custody and not to the cause of it, he must show that he suffers collateral consequences, or "some concrete and continuing injury other than the now-ended incarceration," of that custody to avoid the case being mooted and the court being divested of jurisdiction by reason of his release.  Spencer v. Kemna, 523 U.S. 1, 7 (1998); Lane v. Williams, 455 U.S. 624, 631-33 (1982); North Carolina v. Rice, 404 U.S. 244, 246 (1971); DeFoy v. McCullough, 393 F.3d 439, 441-42 (3d Cir. 2005); United States v. Kissinger, 309 F.3d 179, 181 (3d Cir. 2002).  In a case such as that before the court, where a federal prisoner, who has been released from federal imprisonment to supervised release, challenges the forfeiture of good conduct time as a result of a prison disciplinary proceeding, there are no collateral consequences from the forfeiture as to provide a basis of jurisdiction.  Instead, the challenge is rendered moot by the prisoner's release to supervised release.  See Williams v. Sherman, No. 06-1443, 2007 WL

3

295252, slip op. at 4-5 (3d Cir. Feb. 1, 2007) (not precedential) (holding that petition challenging forfeited good conduct time was moot when relator was released to supervised release); Hinton v. Miner, 138 Fed.Appx. 484 (3d Cir. 2005) (not precedential) (per curiam) (same).

The alleged violation, that is, the loss of good conduct time, has ended and cannot reoccur while the prisoner is out of prison.  The prisoner's release has obviated any of the alleged violation's effects and makes the violation irredressable.  To the extent the prisoner might seek to have the allegedly wrongfully forfeited good conduct time credited against his term of supervised release, he is prohibited from obtaining such relief.  Supervised release commences only upon a prisoner's release from incarceration.  18 U.S.C. §3624(e); United States v. Johnson, 529 U.S. 53, 56-58 (2000).  It then endures for the term ordered by the trial court, subject to modification by that court pursuant to 18 U.S.C. §3583(e). Johnson, 529 U.S. at 58-60.  The term of supervised release cannot be offset by a habeas court by any excess term of incarceration served by the prisoner.  Id. at 58-59.

To the extent the prisoner might seek to have the allegedly wrongfully forfeited good conduct time credited against a future term of imprisonment, the court cannot order speculative future relief.  Were the court to find that a released prisoner, who is not subject to a current term of imprisonment, was wrongly deprived of good conduct time, there would be no sentence that could be offset by the restoration of the credit.  As indicated above, the purpose of

habeas corpus is to obtain an immediate or speedier release from the challenged confinement. Habeas relief cannot militate against a sentence that has not yet been imposed and may never occur. The mere possibility that a prisoner will be subjected in the future to another sentence is not enough to warrant a presumption of collateral consequences. See Spencer, 523 U.S. at 14-16; United States v. Loftus, 796 F.Supp. 815, 827 (M.D. Pa. 1992) (citing United States v. Craig, 907 F.2d 653, 658 (7th Cir.1990)).

Accordingly, in the instant case, the court finds that the petition is moot. The petitioner seeks the restoration of good conduct time forfeited as the result of a disciplinary proceeding, but he has already been released to supervised release, and he has failed to show any collateral consequences of the loss of good conduct time. Because the term of supervised release is immutable in a habeas proceeding, the forfeiture is irredressable.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the petition for writ of habeas corpus, **(Doc. No. 1)**, be **DISMISSED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Date: May 11, 2007
O:\shared\REPORTS\2006 Reports\06-0425.01.wpd