# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALAN N. SCOTT,

    Petitioner,

v.

RONNIE HOLT, Warden, FCI-SCHUYLKILL,

    Respondent.

CIVIL NO. 3:06-CV-0425

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court are Magistrate Judge Malachy E. Mannion's Report and Recommendation (Doc. 28) and Petitioner Alan N. Scott's Objections to the Report and Recommendation (Doc. 29). For the reasons stated below, Petitioner's Objections to Magistrate Judge Mannion's Report and Recommendation will be overruled and the Court will adopt the Report and Recommendation. Therefore, Petitioner's habeas corpus petition will be dismissed.

## **BACKGROUND**

On February 27, 2006, Petitioner, then an inmate at the Federal Correctional Institution at Schuylkill ("FCI-Schuylkill"), filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging two (2) disciplinary actions taken against him which resulted in the loss of good time credits against his federal sentence. The petition sought expungement of the incident reports and restoration of his good time credits. A show cause order was issued on March 13, 2006. A response to the petition was filed on April 5, 2006. Petitioner filed a traverse on June 26, 2006.

In preparing his Report and Recommendation, Magistrate Judge Mannion learned that Petitioner was released from prison custody and was on supervised release. As such, Magistrate Judge Mannion recommended that Petitioner's habeas petition be dismissed as moot. Petitioner now objects to that recommendation, arguing that, as he is about to be sentenced for another crime, there are collateral consequences stemming from those disciplinary actions which make his petition a live case or controversy.

**LEGAL STANDARD**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**DISCUSSION**

It is well settled that federal courts have jurisdiction only over a live case or controversy. *Honig v. Doe*, 484 U.S. 305, 317 (1988).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

When a prisoner has been released before or during the pendency of a habeas challenge solely to his term of custody and not to the cause of it, he must show that he suffers collateral consequences, or "some concrete and continuing injury other than the now-ended incarceration," of that custody to avoid the case being deemed moot and the Court being divested of jurisdiction by reason of his release. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *DeFoy v. McCullough*, 393 F.3d 439, 441-42 (3d Cir. 2005).

Generally, when a federal prisoner, who has been released from imprisonment to supervised release, challenges the forfeiture of good conduct time as a result of a prison disciplinary proceeding, there are no collateral consequences from the forfeiture as to provide a basis of jurisdiction.  Rather, the challenge is mooted when the prisoner is granted supervised release. *See Williams v. Sherman*, 214 Fed. Appx. 264, 265 (3d Cir. 2007).  Only when a petitioner can demonstrate that the disciplinary action itself will cause him to suffer some actual, future harm and that a writ of habeas corpus can prevent this harm will his challenge not be mooted by his supervised release. *See Spencer*, 523 U.S. at 7-8; *Hinds v. Ashcroft*, No. 2:04-cv-661-MEF, 2006 WL 1982113, at *3 (M.D. Ala. July 13, 2006).

Petitioner attempts to make such a showing, arguing that his habeas challenge is

3

not mooted because he will suffer collateral consequences of forfeiting the good conduct time as a result of the disciplinary proceeding – he currently is awaiting sentencing for another crime and he wishes to have the forfeited good conduct time counted towards that future sentence.

While surely the forfeiture of good conduct time credits is an adverse consequence of prison disciplinary proceedings, prolonging Petitioner's future sentence for his latest criminal offense, "[c]onsequences that are within the power of the defendant to avoid–such as a sentencing enhancement, which presupposes his deciding to commit another crime–are excluded" from being considered a collateral consequence. *Diaz v. Duckworth*, 143 F.3d 345, 346 (7th Cir. 1998) (citing *Spencer*, 523 U.S. at 13). Thus, whether his future sentence is speculative, as Magistrate Judge Mannion found, or certain to occur, as Petitioner contends, there are no collateral consequences sufficient to meet the case or controversy requirement. Consequently, the Court will adopt the Report and Recommendation of Magistrate Judge Mannion. Petitioner's Objections will be overruled and his petition dismissed.

## CONCLUSION

For the reasons stated above, the Court will adopt Magistrate Judge Mannion's Report and Recommendation (Doc. 28) and overrule Petitioner's Objections (Doc. 29). Petitioner's section 2241 petition will be dismissed. An appropriate Order follows.


 June 18, 2007                                        /s/ A. Richard Caputo
 Date                                                 A. Richard Caputo
                                                      United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALAN N. SCOTT,<br><br>    Petitioner,<br><br>        v.<br><br>RONNIE HOLT, Warden, FCI-<br>SCHUYKILL,<br><br>    Respondent. | CIVIL NO. 3:06-CV-0425<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this   18th   day of June, 2007, **IT IS HEREBY ORDERED** that:

(1) The Report and Recommendation (Doc. 28) is **ADOPTED**.

(2) Petitioner's Objections (Doc. 29) are **OVERRULED**.

(3) Petitioner's Habeas Corpus Petition is **DISMISSED**.

(2) The Clerk of the Court is directed to mark this case as **CLOSED**.

                                                         /s/ A. Richard Caputo
                                                       A. Richard Caputo
                                                       United States District Judge